### Vincent J. Reinke v. John Jacobs.

1. VERDICTS—*Sustained by the Evidence.*—There is some evidence in the record in this case, of a request for the performance of the services which form the basis of the plaintiff's claim; and if it was believed by the jury, it was sufficient to justify their conclusion, and their verdict must stand.

2. INSTRUCTIONS—*Ignoring a Theory of the Defense.*—The instructions asked for by the plaintiff in error, and refused by the court, entirely ignored the theory that the work sued on had been done by request, and were properly refused.

Assumpsit, for services. Error to the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

J. L. MURPHY, attorney for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Defendant in error sued plaintiff in error to recover for

services alleged to have been performed in cleaning out a privy vault belonging to plaintiff in error, situated on lot 11, block 42, in the city of Spring Valley. On a trial before the justice of the peace, defendant in error recovered judgment for $43.50. On appeal to the Circuit Court and a trial *de novo* in that court, there was a verdict in favor of defendant in error for $43, and a motion for new trial being overruled, judgment was entered on the verdict. Plaintiff in error brings the cause here, and assigns various errors.

Defendant in error claimed to be city scavenger under the ordinances of the city of Spring Valley, and that the vault above mentioned was foul and dangerous to the public health; that in pursuance of the ordinances of the city, he served notice on plaintiff in error to have such vault cleaned out, which the latter failed and neglected to do, and thereupon defendant in error cleaned out the vaults, and charged the plaintiff in error therefor at the rate of three dollars per cubic yard of filth removed from the vault, which was the price fixed by the ordinance. The evidence shows the amount of material removed was a little over fourteen and one-half yards. There is no evidence in the record disputing the amount of work done, nor the value of the services, but it is insisted that there is no sufficient evidence that defendant in error was city scavenger, or that the proper notice was served as required by the ordinance. But aside from the question of defendant in error's right to clean the vault and charge therefor as city scavenger, there is some evidence of a request by plaintiff in error to defendant in error to clean the vault, and authority by the former to the latter so to do. If this evidence was believed by the jury it was sufficient upon which to base their verdict. The jury saw the witnesses and heard them testify, and had the right to give credence as they thought warranted by the facts and circumstances appearing before them. Defendant in error did the work of which plaintiff in error had the benefit, and there is no pretense it was not worth what he charged.

We do not deem it necessary to set out the city ordinance, nor to discuss the question as to whether defendant in error was city scavenger or not, nor the question of notice. If the work was done upon request, that was sufficient ground for a recovery.

The instructions given for defendant in error, we think, correctly stated the law. Those refused on the part of plaintiff in error entirely ignored the theory of the work having been done by request, and were properly refused.

We think justice has been done and the judgment should be affirmed.

Judgment affirmed.

Mr. Justice Dibell took no part.